IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| JOHNNY LEE WITHERSPOON, | |
| Movant, | CIVIL ACTION NO.: 2:16-cv-64 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No.: 2:00-cr-19) |
| Respondent. | |

## ORDER

Presently before the Court are Movant Johnny Lee Witherspoon's ("Witherspoon") Objections to the Magistrate Judge's Report and Recommendation. (Docs. 11, 13.) After an independent and *de novo* review of the entire record, the undersigned concurs with the Report and Recommendation. (Doc. 10.) Accordingly, the Court **OVERRULES** Witherspoon's Objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge, as supplemented herein, as the opinion of the Court. The Court **DENIES** Witherspoon a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal. The Court **DIRECTS** the Clerk of Court to enter an appropriate judgment of dismissal and to **CLOSE** this case.

## BACKGROUND

Witherspoon filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) Witherspoon asserted that he should be resentenced in light of the United States Supreme Court's decision in Johnson v. United States, ___ U.S. ___, 125 S. Ct. 22551 (June 26, 2015). The Government filed a Response arguing that Johnson is inapplicable to Witherspoon's Motion because his status as an armed career criminal under the Armed Career

Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), was predicated on seven prior convictions, none of which Witherspoon challenged in his Motion. (Doc. 6, p. 3.)

The Magistrate Judge recommended denying Witherspoon's Section 2255 Motion because Witherspoon has the requisite number of prior convictions to qualify him as an armed career criminal. (Doc. 10.) In coming to this conclusion, the Magistrate Judge looked to Witherspoon's convictions for strong armed robbery and assault and battery of a high and aggravated nature. (Id. at pp. 1–2.) The Magistrate Judge concluded that, although Witherspoon's convictions for assault and battery of a high and aggravated nature may not qualify as violent felonies, Witherspoon's three convictions for strong armed robbery do qualify. (Id. at p. 4.) Witherspoon filed Objections arguing that his three strong armed robbery convictions actually only qualify as two convictions for purposes of his armed career criminal designation. (Doc. 11.)

## DISCUSSION

Witherspoon failed to raise any arguments regarding his strong armed robbery convictions in his Section 2255 Motion. In fact, the only convictions he challenged were for his second degree burglary in South Carolina, burglary, and resisting arrest. (Doc. 1, p. 7.) As the Magistrate Judge warned Witherspoon, "[t]he filing of objections is not a proper vehicle through which to make new allegations[.]" (Doc. 10, p. 7.) Thus, the Court need not consider the new arguments Witherspoon raises in his Objections. See Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("The district court retained the final adjudicative authority and properly exercised its discretion in deciding whether to consider any new arguments raised by Williams in his objections to the magistrate judge's report and recommendation.") (citing United States v. Raddatz, 447 U.S. 667, 681–82 (1980)).

2

However, even if the Court desired to consider Witherspoon's Objections, it would be unable to do so. A Section 2255 motion cannot be a substitute for a direct appeal; therefore, a movant is procedurally defaulted from seeking habeas relief on claims that he could have raised on direct appeal. Reed v. Farley, 512 U.S. 339, 354 (1994). If a movant has not raised an available issue on direct appeal, he has waived his right to assert these issues in a later proceeding. This procedural default can be overcome by showing "cause" for the waiver of a claim on direct appeal and "actual prejudice resulting from the alleged error." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing Bousley v. United States, 523 U.S. 614, 622 (1998)). In procedural default cases, "the question is not whether legal developments or new evidence has made a claim easier or better, but whether *at the time of the direct appeal* the claim was available at all." Id. at 1235 (emphasis added). Additionally, cause is defined as "some objective factor external to the defense [that] prevented [movant] or his counsel from raising his claims on direct appeal[.]" Id.

Witherspoon's arguments regarding his strong armed robbery convictions are precisely the type of claim that could have been raised on direct appeal. However, Witherspoon failed to make these arguments and fails to provide any explanation—much less a showing of cause and prejudice—for his failure to raise them on appeal. Instead, Witherspoon unsuccessfully appealed the consecutive nature of his sentence, the admissibility of law enforcement testimony during his sentencing hearing, and the necessity of the length of his sentence based on his age. Mandate, United States v. Witherspoon, 2:00-cr-19 (S.D. Ga. July 6, 2001), ECF No. 73, p. 3. Because Witherspoon did not raise the arguments regarding his strong armed convictions on appeal, he may not do so now. Massaro v. United States, 538 U.S. 500, 504 (2003) ("[C]laims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and

3

prejudice . . . . '[R]ules of procedure should be designed to induce litigants to present their contentions to the right tribunal at the right time.'") (citing Guinan v. United States, 6 F.3d 468, 474 (7th Cir. 1993) (Easterbrook, J., concurring)).

Finally, the arguments in Witherspoon's Objections are also barred due to their untimeliness. Motions made pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. 28 U.S.C. § 2255(f). This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Witherspoon was sentenced to 293 months' imprisonment on November 1, 2000, and the Court's final judgment was entered on November 6, 2000. J., United States v. Witherspoon, 2:00-cr-19 (S.D. Ga. Nov. 6, 2000), ECF No. 63. Witherspoon timely filed an appeal with the Eleventh Circuit Court of Appeals. Notice of Appeal, United States v. Witherspoon, 2:00-cr-19 (S.D. Ga. Nov. 9, 2000), ECF No. 65. The Eleventh Circuit affirmed this Court's judgment on June 6, 2001. United States v. Witherspoon, 263 F.3d 170 (Table) (11th Cir. 2001). Thus, Witherspoon had until September 4, 2002, to file a timely Section 2255 motion. 28 U.S.C. § 2255(f)(1); see also Clay v. United States, 537 U.S. 522, 525 (2003). However, Witherspoon did not execute his Section 2255 Motion until May 2, 2016, nearly fourteen (14) years after the

expiration of the applicable statute of limitations period. Importantly, the extended statute of limitations under Johnson does not apply to the strong armed robbery claims contained in Witherspoon's Objections. These claims fall under the elements clause of the ACCA and not the residual clause. Consequently, even if the Court were able to consider the arguments raised in Witherspoon's Objections, they would be untimely under Section 2255(f)(1). Townsend v. Crews, No. 14-24126-CIV, 2014 WL 6979646, at *6 (S.D. Fla. Dec. 9, 2014) ("The law is and always has been that a statute of limitations creates a definitive deadline; a complaint or petition filed one day late . . . is untimely, just as if a year late.") (quoting Turner v. Singletary, 46 F. Supp. 2d 1238, 1240 (N.D. Fla. 1999)).

## CONCLUSION

For all the reasons set forth above, the Court **OVERRULES** Witherspoon's Objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge, as supplemented herein, as the opinion of the Court. Accordingly, the Court **DENIES** Witherspoon's Motion to Vacate, Set Aside, or Correct Sentence, brought pursuant to 28 U.S.C. § 2255. (Doc. 1.) The Court **DENIES** Witherspoon a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal. The Court **DIRECTS** the Clerk of Court to enter an appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 8th day of November, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA